IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUITMAN CARTER, #31889-044

       Petitioner,

vs.                                    No. 11-cv-832-DRH

JAMES CROSS. Warden,

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

       This case is before the Court on petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the sentence that was imposed after his 2006 conviction in the Eastern District of Missouri. Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Three prior offenses (assault with intent to kill, second degree burglary, and involuntary manslaughter) caused petitioner to be sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1). Petitioner was sentenced in the Eastern District of Missouri to 180 months imprisonment based on this status. Petitioner did not appeal this sentence.

       Petitioner filed his first § 2255 motion on March 26, 2007, in the Eastern District of Missouri, alleging that his rights were violated when he pled guilty and was sentenced. The court held that, because petitioner's conviction and sentence became

final on February 23, 2006, his claim was time barred, as it was filed outside of § 2255's one year statute of limitations. The court thus dismissed the motion.

Petitioner filed another § 2255 motion in the Eastern District of Missouri on June 9, 2008. That court again dismissed the claim as time barred. The court further pointed out that petitioner had failed to receive certification from the Court of Appeals to file a successive § 2255 motion as required. Petitioner responded by filing another § 2255 motion with the Eastern District, this time on February 8, 2010. The court dismissed the claim without prejudice, and transferred the petition to the Eighth Circuit Court of Appeals for a determination as to whether petitioner should be granted certification to file a successive § 2255 motion in this case. The Court of Appeals denied the petition on July 28, 2010, refusing to give petitioner permission to file a successive § 2255 motion.

Changing his strategy, petitioner filed a § 2241 petition with this Court on August 20, 2010. *See* Case No. 10-cv-639-DRH. In that petition, petitioner argued that, based on *Begay v. U.S.*, 533 U.S. 137 (2008) (challenging broad coverage of § 924(e)(2)(B)(ii)), his crime of involuntary manslaughter should no longer be considered a violent felony for sentencing purposes. The Court noted that petitioner was not claiming that he was innocent of the crime, but was instead attacking his sentence. Where a petitioner is attacking a sentence, instead of claiming innocence of a crime, the proper motion is a § 2255 motion, according to *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998). The Court thus dismissed petitioner's *Begay* argument as brought in the § 2241 petition with prejudice on February 2, 2011, stating that it should have been raised in a § 2255 motion, and that § 2255 does not

become inadequate or ineffective simply because a petitioner has not been certified to bring a successive § 2255 motion. *Davenport*, 147 F.3d at 609-10. Petitioner appealed this decision to the Seventh Circuit, which on October 3, 2011, affirmed this Court's judgment of dismissal.

Petitioner filed the instant § 2241 petition with this Court on September 13, 2011. Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Normally, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy generally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. However, as this Court has previously stated, the fact that petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as **having been imprisoned for a nonexistent offense**." *Davenport,* 147 F.3d at 611 (emphasis added). The Seventh Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. Instead, petitioner once again attempts to argue that based on the Supreme Court's decision in *Begay v. U.S.*, 533 U.S. 137 (2008), he should not have been sentenced as an armed career criminal. Because this Court dismissed the

same claim with prejudice on February 2, 2011, it will not further address the claim here. Suffice to say that the claim remains dismissed with prejudice.

Petitioner also raises a new claim. He argues that he should not have been sentenced as an armed career criminal because his civil rights had been restored after some of the sentences imposed for his crimes had been completed. Thus, because petitioner's civil rights were restored after these convictions, he argues that they should not have been considered in his 2006 sentencing. Important here is that petitioner does not argue that he was innocent of these crimes, just that they should not have been used during sentencing. Once again, where a petitioner is merely attacking his sentence, instead of making a claim that he is actually innocent of the crime for which he was sentenced, the correct motion to be filed is a § 2255 motion. *Davenport*, 147 F.3d at 609-10. Petitioner may request a certificate of appealability to bring a successive § 2255 motion in which to raise his current claim. As such, § 2255 does not prove to be an inadequate remedy for petitioner's current claim, and consistent with *Davenport*, petitioner cannot raise his current claim under the awning of § 2241. *In re Davenport*, 147 F.3d 605.

Therefore, § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Signed this 18th day of November.

Digitally signed by David R. Herndon
Date: 2011.11.18 11:23:42 -06'00'

**Chief Judge**
**United States District Court**